**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 15-cv-01877-RM

BRANDON MORRIS,

Plaintiff,

v.

THERESA K. COZZA-RHODES;
FRANK STRATTA;
JOSE SANTANA; and
FEDERAL BUREAU OF PRISONS

       Defendants.

---

**ORDER DENYING
EMERGENCY MOTION FOR PRELIMINARY INJUNCTION (ECF NO. 5)**

---

       Plaintiff Brandon Morris is in the custody of the Federal Bureau of Prisons ("BOP") and housed at the U.S. Penitentiary ("USP") in Florence, Colorado. He filed this lawsuit seeking mental health treatment and the termination of his referral to ADX (Administrative-Maximum U.S. Penitentiary) Florence.

       This matter is now before the Court on Plaintiff's Emergency Motion for Preliminary Injunction ("Motion") (ECF No. 5), seeking relief also requested in his Complaint. Plaintiff also requests an evidentiary hearing. Defendants filed a response (ECF No. 20) in opposition, arguing that (1) the BOP has recently determined Plaintiff will not be transferred to the ADX "at this time" and (2) Plaintiff is receiving appropriate psychological and psychiatric care at USP Florence. The Court has considered the Motion, Response, the Court file, and the applicable

statutes, rules and case law, and is otherwise fully advised in the premises.[1] Upon such consideration, the Court finds no hearing is required[2] and denies the Motion without prejudice.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

As stated, Plaintiff filed is an inmate at USP Florence. On August 31, 2015, Plaintiff filed this action stating he is awaiting transfer to ADX Florence, is actively suicidal, and is not receiving mental health treatment. On September 23, 2015, Plaintiff filed his Motion, stating he suffers from major depression and anxiety, and is presently contemplating suicide. Plaintiff seeks two forms of relief. First, Plaintiff seeks specific mental health treatment – the enrollment in the Psychology Treatment Program. Second, Plaintiff seeks to have his impending transfer to ADX Florence terminated, in light of his mental health and the treatment he seeks.

In response, Defendants conducted an "ADX Referral Analysis," examined Plaintiff's history and concluded that Plaintiff should be placed in a "suitable facility" with access to mental health treatment to address his needs. Accordingly, Plaintiff will not be transferred to ADX Florence at this time. In addition, Dr. Kristen Moody, Deputy Chief Psychologist for the Federal Correctional Complex at Florence, examined Plaintiff's mental health history and, on October 13, 2015, conducted a suicide risk assessment of Plaintiff. As of that date, Dr. Moody concluded Plaintiff did not appear to have "clinically significant symptoms" but stated Plaintiff will

---

[1] The Court finds no reply brief is necessary.
[2] Fed. R. Civ. P. 65(a) does not expressly require an evidentiary hearing before the Court rules on a motion for a preliminary injunction. The Court may deny an injunction based on the written evidence without a hearing, even if one is requested, where "receiving further evidence would be manifestly pointless." 11A Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 2949, at 246-248 (3d ed. 2013). Whether to hold a hearing is a matter of the Court's discretion. *Carbajal v. Warner,* 561 F. App'x 759, 764 (10th Cir. 2014); *Reynolds & Reynolds Co. v. Eaves,* 149 F.3d 1191, 1998 WL 339465, at *3 (10th Cir. June 10, 1998) (table).

continue to be seen for monthly Care2-MH[3] contacts, with treatment based on reported symptom, and can consult with psychology services or telepsychiatry between his monthly appointments. Plaintiff will also continue with a treatment plan focused on "Cognitive Behavior Therapy for Depression."

## II. STANDARD OF REVIEW

### A. Preliminary Injunctions

Before a preliminary injunction may be issued, the moving party must establish: "(1) [he] will suffer irreparable injury unless the injunction issues, (2) the threatened injury outweighs any damage the proposed injunction may cause the opposing party, (3) if issued, the injunction would not be adverse to the public interest, and (4) [he] has a substantial likelihood of success on the merits." *Okla. ex rel Okla. Tax Comm'n v. Int'l Registration Plan, Inc.*, 455 F.3d 1107, 1112-1113 (10th Cir. 2006). The standard of proof varies depending on the type of injunction sought.

Where the injunction sought is prohibitory, *i.e.*, requiring the nonmovant to stop acting in a manner that disturbs the status quo, the movant may be afforded relief under a lesser standard of proof on the likelihood-of-success-on-the-merits factor if he can show the other three requirements tip strongly in his favor. *Id.* at 1112-1113. Where the injunction sought is one of three types of disfavored injunctions,[4] however, the ordinary and/or lesser standard is inapplicable. Additionally, the movant must make a heightened showing to demonstrate entitlement to relief. *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 977 (10th Cir. 2004) (*en banc*), *aff'd and remanded,* 546 U.S. 418 (2006) ("*O Centro*").

---

[3] The BOP uses mental health care levels to classify inmates based on their need for mental health services. (ECF No. 20-2, page 8.)
[4] The three disfavored injunctions are: (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that he could recover at the conclusion of a full trial on the merits. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1259 (10th Cir. 2005).

The request must be more closely scrutinized to assure that the exigencies of the case require extraordinary interim relief. *O Centro,* 389 F.3d at 975, 978-979. Determining whether an injunction is mandatory or prohibitory can be "vexing." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1260 (10th Cir. 2005) (quotation marks and citation omitted).

### B. Plaintiff's *Pro Se* Status

Plaintiff proceeds *pro se*. The Court, therefore, reviews Plaintiff's pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citation omitted). However, the Court should not act as the *pro se* litigant's advocate. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

### III. ANALYSIS

#### A. Referral to ADX

Defendants argue that Plaintiff's request not to be transferred to ADX is moot in light of the BOP's recent decision not to refer Plaintiff to ADX. The Court agrees.

"[T]he constitutional mootness doctrine focuses upon whether a definite controversy exists throughout the litigation and whether conclusive relief may still be conferred by the court despite the lapse of time and any change of circumstances that may have occurred since the commencement of the action." *Jordan v. Sosa,* 654 F.3d 1012, 1024 (10th Cir. 2011) (citation and internal quotation marks omitted). "[T]he crucial question is whether granting a present determination of the issues offered will have some effect in the real world." *Ind v. Colo. Dept. of Corrections*, 801 F.3d 1209, 1213 (10th Cir. 2015) (quotation marks and citation omitted). Here,

in Plaintiff's preliminary injunction request, he seeks to have his referral to ADX Florence terminated due to his present mental health condition. Defendants have examined Plaintiff's current mental condition and agree that referral is not appropriate; therefore, Plaintiff is not being transferred to ADX Florence and has received the relief he seeks. Accordingly, Plaintiff's request for injunctive relief on this basis is moot. *See Ind*, 801 F.3d at 1211, 1217 (prisoner's transfer from administrative segregation into general population rendered claims moot where prisoner was no longer subjected to the restrictions which gave rise to his suit); *Burden v. Olen*, No. 06-cv-00268-ZLW-MEH, 2007 WL 2244794 (D. Colo. Aug. 2, 2007) (plaintiff's claim seeking a change in his sex offender classification was moot where his sex offender status was changed).[5]

### B. Mental Health Treatment

As to Plaintiff's request for a specific type of mental health treatment, *i.e.*, "Psychology Treatment Program," he has not met the standards for granting preliminary injunctive relief, even assuming, *arguendo*, the injunction he seeks is not disfavored.

#### 1. Irreparable Harm and the Balance of Harm

"'To constitute irreparable harm, an injury must be certain, great, actual and not theoretical.'" *Schrier*, 427 F.3d at 1267 (quoting *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003)). It is "harm that cannot be undone, such as by an award of

---

[5] Generally, a court may not dismiss a case as moot if: "(1) secondary or collateral injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action." *Ind,* 801 F.3d at 1213 (internal quotation marks omitted). The Court finds, however: (1) no secondary or collateral injuries are claimed to trigger the first exception; (2) the "narrow" second exception applicable in "exceptional circumstances," *id.* at 1215, also does not apply due to, among other things, the situational nature of the relief sought, *i.e.*, Plaintiff's request for the termination of any transfer and Defendants' determination that transfer is inappropriate are based on Plaintiff's current mental health, considered in light of his mental health history; (3) the third exception is inapplicable for the same reason as the second exception; and (4) this is not a class action.

compensatory damages or otherwise." *Salt Lake Tribune Publ'g Co., LLC v. AT & T Corp.*, 320 F.3d 1081, 1105 (10th Cir. 2003). The movant, however, must show a "significant risk" of irreparable harm. *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1258 (10th Cir. 2003).

Plaintiff argues "[c]ourts have required prisons to house the mentally ill in more appropriate facilities," as support for his contention that he faces irreparable harm. (ECF No. 5, page 3.) Plaintiff's argument appears to be addressed to where he is housed, rather than to what treatment he seeks to receive. In light of the termination of any transfer to ADX Florence based on Plaintiff's current mental condition, irreparable harm has not been shown.

To the extent Plaintiff contends he is suffering irreparable harm because he was (at the time he filed his Motion and prior thereto) receiving *no* treatment, Defendants have stated otherwise. The Court need not, however, resolve this dispute as the issue at hand is whether the mental treatment requested should be ordered. Defendants have filed sworn statements that Plaintiff is receiving and will continue to receive appropriate treatment, including access to educational and other programs. To the extent Plaintiff contends he is suffering irreparable harm because he was not – and is not – receiving a *particular type* of treatment, Plaintiff has provided no factual allegations or support that this particular treatment was prescribed or recommended, or is otherwise needed, for his mental health condition. And, Defendants have shown to the contrary – that the treatment Plaintiff is being provided is appropriate in light of his mental health condition. As such, no irreparable harm has been shown.

As irreparable harm has not been shown, it follows that the second factor – balance of harms – also weighs against preliminary injunctive relief.

### 2. The Public Interest

Plaintiff summarily argues it is in the public interest for prison officials to obey the law. In light of the lack of any harm, however, Plaintiff fails to show the public interest would not be adverse to the issuance of a preliminary injunction ordering prison officials to enroll him in a particular treatment program. Instead, "there is a strong public interest in affording substantial deference to prison officials in managing the daily operations of a prison due to the unique nature, needs and concerns of the prison environment." *Pinson v. Pacheco*, 424 F. App'x 749, 756 (10th Cir. 2011); *see* 18 U.S.C. § 3626(a)(2) ("[T]he court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by" preliminary injunctive relief.).

### 3. Likelihood of Success on the Merits

Plaintiff argues he will succeed on the merits of his claim as prisoners should not be housed in supermax facilities.[6] But, as previously addressed, Plaintiff's request for preliminary injunctive relief as to the termination of any transfer to ADX Florence is moot. As for his other request, Plaintiff offers no facts or arguments as to the likelihood of success as to the request for enrollment in a Psychology Treatment Program. As Defendants argue, Plaintiff is being assessed and receiving treatment. Moreover, Plaintiff's request for a specific treatment indicates he contends that he is entitled to a particular course of treatment, a right not protected by the Eighth Amendment. *Callahan v. Poppell,* 471 F.3d 1155, 1160 (10th Cir. 2006) ("Both this court and our sister circuits have rejected such an expansive view of the rights protected by the Eighth

---

[6] Plaintiff makes this same argument as to solitary confinement, but his Motion seeks termination of a transfer to ADX Florence, not a transfer from solitary confinement.

Amendment."); *Williams v. Allred*, 611 F. App'x 491, 495 (10th Cir. 2015).[7] Accordingly, Plaintiff fails to establish this factor as well.

## IV.    CONCLUSION

Under the facts and circumstances, Plaintiff has not demonstrated the preliminary injunction requested should be ordered.  By this finding, however, Plaintiff is not precluded from seeking relief in the future should there be a change in facts and circumstances which would support a request for relief.   It is therefore

ORDERED that Plaintiff's Emergency Motion for Preliminary Injunction (ECF No. 5) is DENIED without prejudice.

DATED this 6th day of November, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[7] This is not an instance where Plaintiff has alleged or shown that a certain level or type of treatment, *i.e.*, the Psychology Treatment Program, was prescribed or recommended but was denied.