IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01877-RM-KLM

BRANDON MORRIS,

    Plaintiff,

v.

THERESA K. COZZA-RHODES,
FRANK STRATTA,
JOSE SANTANA, and
FEDERAL BUREAU OF PRISONS,

    Defendants.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Order to Show Cause** [#33]. The Court ordered Plaintiff to show cause "as to why this case should not be dismissed for his failure to comply with the Local Rules and to prosecute this lawsuit." *OSC* [#33] at 2. Plaintiff's deadline for compliance with the Order to Show Cause [#33] was March 7, 2016. To date, Plaintiff has neither filed a response nor contacted the Court in any manner.

Although Plaintiff is proceeding in this lawsuit without an attorney, he bears the responsibility of prosecuting his case with due diligence. The Court must liberally construe *pro se* filings; however, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

As noted in the Order to Show Cause, on September 23, 2015, Plaintiff filed an Emergency Motion for Preliminary Injunction [#5]. He has not contacted the Court formally or informally since that date. On January 25, 2016, Defendants Teresa Cozza-Rhodes and Jose Santana filed a motion to dismiss [#29], and, on the same date, the District Judge issued an order referring the motion to the undersigned. *Order of Referral* [#30]. On February 18, 2016, the Order of Referral was returned to the Office of the Clerk as undeliverable [#31]. On the same date, the United States Attorney's Office filed a notice stating that Plaintiff was no longer incarcerated at the United States Penitentiary in Florence, Colorado, and had been transferred to the custody of the State of Maryland, but that Plaintiff's current address was unknown. *Notice Regarding Plaintiff's Return to State Custody* [#32].

In addition, on March 1, 2016, the Order to Show Cause sent to Plaintiff by the Clerk of Court was also returned as undeliverable [#34]. D.C.COLO.LAttyR 5.1(c) requires that an unrepresented prisoner or party provide notice of any change of address (or other contact information) to the Court within five days of such change. Plaintiff is thus under a continuing obligation to inform the Court of any changes in his contact information. To date, the docket does not reflect the filing of a notice by Plaintiff regarding an address change. Plaintiff has failed to update his present contact information with the Court and, thus, the Court and Defendants have no means of contacting him in connection with this litigation.

The Court warned Plaintiff in the Order to Show Cause that his failure to timely comply with the instruction to respond would result in a recommendation that this matter be dismissed due to Plaintiff's failure to prosecute. *OSC* [#33] at 2. Given Plaintiff's failure

to comply with the instruction stated in the Order to Show Cause [#33], the Court considers whether Plaintiff's case should be dismissed as a sanction pursuant to Fed. R. Civ. P. 41(b). *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that Court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 576-77 & n.1 (3d ed. 2008).

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action.[1] The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

Here, it is clear that Plaintiff has no present intention of seeking resolution of this matter on the merits. Plaintiff has failed to update his contact information with the Court

---

[1] The Court notes that the standards for dismissal pursuant to Rule 37 and Rule 41(b) are essentially the same. *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

and, thus, the Court and Defendants have no means of contacting him in connection with this litigation. Further, Plaintiff has disobeyed a direct order of the Court by failing to file a response to the Order to Show Cause regarding his intent to prosecute this case. These facts demonstrate that Plaintiff has abandoned his lawsuit, and consideration of the above-stated *Ehrenhaus* factors weighs in favor of dismissal without prejudice.[2] *See, e.g., Myers v. [No Named Defendant]*, No. 07-cv-02421-BNB, 2008 WL 608311 (D. Colo. Mar. 4, 2008) (failure to communicate properly with Court, including failure to inform Court of change of address, resulted in dismissal without prejudice). Accordingly,

IT IS HEREBY **ORDERED** that the Order to Show Cause is **MADE ABSOLUTE**. Thus,

IT IS HEREBY **RECOMMENDED** that Plaintiff's Complaint [#1] be **DISMISSED WITHOUT PREJUDICE**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this

---

[2] Dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort." *Ehrenhaus*, 965 F.2d at 920; *see Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. Feb. 2, 2007) (remanding dismissal with prejudice for determination of willfulness).

Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge

Dated: April 4, 2016